### STATE *v.* BRADFORD.

[89 South, 767.  No. 22068.]

beer v. Railroad Co., 156 N. Y., 474. Railroad Co. v. Swank, 105

RAPE. *In statutory rape prosecution, where prosecutrix's testimony is uncorroborated court should direct acquittal.*

Chapter 171, Laws 1914 (Hemingway's Code, sections 1093 to 1095, inclusive), (defines) and fixes the punishment of a new character of rape, theretofore unknown to either the common law or statutes of this state, in that it provides that, if any person shall have carnal knowledge of an unmarried female between the ages of twelve and eighteen, of previous chaste character, though she consent, he shall be punished (the jury fixing it in their verdict) either by a fine of not exceeding five hundred dollars or imprisonment in the county jail not longer than six months, or by both, or imprisonment in the penitentiary not exceeding five years. And it further provides that there shall be no conviction on the uncorroborated testimony of the injured female; therefore, in a case where the testimony of the female stands alone, unsupported by any other evidence, it is the duty of the trial court to direct a verdict of acquittal of the defendant.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Paul Bradford was acquitted of statutory rape, and the state appeals.  Affirmed.

*H. Cassedy Holden,* special assistant attorney-general, for the state.

The appellant was indicted at the May, 1921, term of the circuit court of Harrison county.  He was charged with

the violation of the age of consent law (sections, 1093, 1094 and 1095, Hemingway's Code). To sustain the charge, the state had only one witness, the prosecutrix. Her testimony was not corroborated; for this failure to corroborate the prosecuting witness; the lower court sustained a motion to exclude the evidence of the state and for a peremptory instruction for the defendant.    The defendant was, accordingly, discharged.  This appeal was taken by the district attorney in response to the demand made upon him by a mass meeting of ladies living along the Gulf Coast.

Section 1094, Hemingway's Code, specifically provides that no person shall be convicted of the crime above mentioned upon the uncorroborated testimony of the injured female.  It would appear, therefore, that the lower court acted properly in sustaining the motion of the defendant for a peremptory instruction, and in discharging the defendant from custody.    Several of the states have similar provisions in their statutes requiring corroboration of the prosecuting witness in such cases.   So far as can be ascertained no attack has ever been made upon the constitutionality of such statutes.

The case is therefore submitted in the light of the statutes mentioned above.

*J. L. Taylor,* for appellee.

The statement of facts as given by the attorney-general is absolutely correct in every detail.  Section 1094, Hemingway's Code, provides that no person shall be convicted of the crime of violating the age of consent upon the uncorroborated testimony of the injured female.  There was no sort of corroboration at all in any way so that it is manifest that the trial judge had to give the peremptory instruction discharging the defendant, Paul Bradford.

Inasmuch as the appeal seems to have been taken as a result of a mass meeting of the ladies of Biloxi, Mississippi, wherein the trial court was the victim of the severe criticism because of the discharge of his duty under the law,

that in all fairness to the court that a written opinion'
should be written in this case, showing that the trial judge
followed the law, and that these good ladies might be ad-
vised of the same.

I submit that under the law and the evidence the trial
court could not have done anything else without stultify-
ing himself than to have given the peremptory instruction;
and that the case should accordingly be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellee, Paul Bradford, was indicted, tried, and
acquitted in the circuit court of Harrison county of the
charge that (quoting from the indictment)—

"On or about the 15th day of September, 1919, then
and there being a male person older than Verna Vancourt,
did unlawfully, willfully, and feloniously have carnal
knowledge of and carnally know, by having sexual inter-
course with, the said Verna Vancourt, an unmarried fe-
male person of previous chaste character, younger than he,
and over twelve years and under eighteen years of age."

At the conclusion of the testimony for the state, on mo-
tion of appellee's attorneys, the evidence for the state was
by the court ruled out, and the jury directed to return
a verdict of not guilty for the appellee, which they did, and
judgment of the court was entered accordingly, from which
the state prosecutes this appeal. This action of the court
was based on the ground that there was no evidence tend-
ing to show the guilt of appellee except that of the prose-
cutrix, Verna Vancourt, which the statute under which
the prosecution was had (chapter 171, Laws of 1914; Hem-
ingway's Code, sections 1093, 1094) declares to be insuffi-
cient. The petition for appeal by the district attorney on
behalf of the state, after reciting the action of the trial
court in excluding the evidence for the state, directing the
jury to return a verdict of not guilty, and the rendition
of the judgment discharging appellee, proceeds in this
language:

."And the state of Mississippi, feeling aggrieved at said judgment of the court, and in view of the further fact that the ladies along the Gulf Coast of Mississippi in mass meteing assembled have, since the rendition of said judgment, requested the district attorney to appeal the said cause to the supreme court, and being desirous of having the supreme court decide the question of law presented in said cause, the state doth hereby, through its district attorney, pray for an appeal."

The indictment against the appellee was returned at the May term, 1921, of the court, at which term the trial was had. The indictment avers that the crime charged was committed on or about the 15th of September, 1919. It developed in the trial, on appellee's motion to quash the indictment (which was overruled by the court), that at the same term at which this indictment was found, on the testimony of the prosecutrix, Verna Vancourt, another was also found and returned on her testimony against A. O. Bourdon, charging him with having carnal knowledge of her on or about the 16th of December, 1920, in violation of said statute.

Only two witnesses testified on behalf of the state, the prosecutrix and J. S. Sablich. The former testified in substance as follows: That the crime charged was committed by the appellee one Sunday afternoon about the 1st of October, 1919; that on the 28th of October, 1919, she was sixteen years of age; that her home at the time was in the city of Biloxi; that on that afternoon, about four-thirty o'clock, she was passing Grant's drug store in said city, where she saw appellee seated in his car—using her language, "one of his father's closed-in limousines;" thereupon she stopped, and appellee asked her if she would go riding with him; that she accepted the invitation, thinking she was going out with a gentleman; that no one was present and saw her get in the car with appellee; that they drove up over Back Bay ridge, and then northwest on the Riverdale public road, about two or three miles, where the car was stopped, and the appellee there, in the

car in the road, hugged and kissed her and begged her to permit him to have sexual intercourse with her; that she resisted him and fought him off until he told her that if she did not submit he would put her out of the car and let her walk home; that thereupon she submitted, and he told her that "if anything happened he would marry her;" that they then turned around and drove back to Biloxi, and to her home, which they reached about six o'clock that afternoon, where appellee let her out of the car and left her; that this was the first and only time appellee ever had sexual intercourse with her; that she only went with him on two other occasions after that, when he twice took her and a girl friend riding; that appellee asked her to say nothing to any one about what occurred between them on the Riverdale road; and that she agreed not to do so and kept her promise for more than a year, and until she told Mr. Bourdon.

The witness Sablich testified that he had known appellee all his life, and that he was at the time of the trial between twenty-one and twenty-five years of age; that he knew the Back Bay road from Biloxi to Riverdale, and that it was a graded shelled public road all the way.

The sole question is whether the trial court erred in directing a verdict and judgment of acquittal. At common law rape is the having of unlawful carnal knowledge of a female over the age of ten years, forcibly and against her will, or such knowledge of a female child under the age of ten years, either with or without her consent. 33 Cyc. 1415, 1416. And our statute defining rape (Code of 1906, section 1358), in force for many years prior to its amendment (Acts March 19, 1908; Laws of 1908, chapter 171; Hemingway's Code, section 1092) was merely declaratory of the common law. The amendment referred to raised the age of consent from ten to twelve years, and provided that, where the female is above the age of twelve years, and is drugged so as to render her incapable of physical resistance, this should be equivalent to force. This statute as thus amended is still in force, and constitutes section

1358, Code of 1906, as amended by chapter 171, Laws of 1908 (Hemingway's Code, section 1092). Thus the law on the subject stood until the adoption of chapter 171, Laws 1914 (Hemingway's Code, sections 1093 to 1095 inclusive), which is the statute under which the appellee was indicted and tried. That statute is as follows:

"1093. *Rape—Age of Consent—Eighteen Years.*—1. That any male person who shall have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished either by a fine not exceeding five hundred dollars ($500), or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment or by imprisonment in the penitentiary not exceeding five years; and such punishment, within said limitation, shall be fixed by the jury trying each case.

"1094. *Rape—Age of Consent—"Chaste Character" Presumed—Burden of Proof.*—2. In the trial of all cases under section 1 of this act, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not; but no person shall be convicted upon the uncorroborated testimony of the injured female.

"1095. *Rape—Age of Consent—How Act to be Construed.*—3. This act shall not be construed as repealing or modifying section 1358 of the Code of 1906 (section 1092, this Code), as amended by chapter 171 of the Acts of 1908, in regard to rape and carnal knowledge of females under twelve years of age."

This statute is commonly known as "the age of consent act." It creates an entirely new character of rape, unknown to either the common law or any of the previous statutes of this state; and still by express provision of its last section it neither modifies nor repeals our statute then in force defining rape. Code of 1906, section 1358, as amended chapter 171, Laws of 1908; Hemingway's Code, sections 1092 to 1095 inclusive. There is no conflict, how-

ever, between the two statutes; the later statute only sup-
plements the former. The controlling purpose in the adop-
tion of the statute in question was the protection of the un-
married female between the ages of twelve and eighteen
years, of chaste character, from the lecherous scoundrel
of the opposite sex, of years above hers, who would rob her
of her virtue. On the other hand—whether wisely or not
is not for the court to say—the act expressly provides
that "no person shall be convicted upon the uncorroborated
testimony of the injured female." Thus the purpose is
plainly shown to protect also the innocent male (and the
writer believes there are still some of that sort left) against
the wiles and designs of the unscrupulous female, who by
blackmail or otherwise would destroy him. The law is
so written; this court cannot change it if it would. On the
contrary, the members of this court are sworn to declare
it as written. The legislature alone can change it.

We have examined the evidence in this case most care-
fully and with the greatest consideration, and we are un-
able to find one particle of testimony going to corroborate
the prosecutrix. There is not even a corroborating physi-
cal fact shown in the evidence. The case stands alone on
her testimony. Therefore, under the plain letter, as well
as spirit, of the law, the case was not established by the
required evidence; and it was the duty of the trial court
to do as it did—direct a verdict and judgment for the ap-
pellee.

The court entertains this appeal notwithstanding the
ruling in *State* v. *Brooks,* 102 Miss. 661, 59 So. 860 (which
ruling the court adheres to), because of the unusual hap-
penings connected with the trial below, as shown above,
and the further reason that the district attorney and ap-
pellee's attorney join in a request that this court pass on
the question involved, and the added fact that the Attor-
ney-General does not make the point that there is no right
of appeal by the state. Therefore this case should not be
treated as a precedent for the right of appeal by the state
in such cases.

*Affirmed.*