HOLLINS *v.* STATE.

[90 South. 630, No. 21965.]

1. STATUTES. *Title of act fixing age of consent at eighteen years held sufficient.*

Chapter 171, Laws of 1914 (Hemingway's Code, sections 1093 to 1095, inclusive), the title to which is "An Act to fix the 'age of consent' at eighteen years," is not unconstitutional because violative of section 71 of the Constitution, which provides, among other things, that "Every bill introduced in the legislature shall have a title, and the title ought to indicate clearly the subject-matter or matters of the proposed legislation," for such constitutional provision is merely directory, and not mandatory; and this is true whether the statute in question be a civil or criminal statute; it applies with equal force to each.

2. RAPE. *Statute placing burden on defendant to show that the injured female was not of previous chaste character held not unconstitutional.*

Section 2 of said statute (Laws 1914, chapter 171; Hemingway's Code, section 1094), which, among other things, provides that, on the trial of all cases under section 1 of the act, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not, is not unconstitutional, in that it declares that certain facts shall constitute a conclusive presumption of guilt, for the statute in question does not declare a conclusive presumption, but only a *prima-facie* presumption, which is overcome by evidence raising a reasonable doubt as to the previous chastity of the injured female.

3. RAPE. *Injured female need be corroborated only as to act of inter-
course.*

Under said section 2 of said act (Laws 1914, chapter 171; Heming-
way's Code, section 1094), which provides, among other things that
the defendant shall not be convicted upon the uncorroborated testi-
mony of the injured female, it is not required that the testimony of
the injured female shall be corroborated as to each and all of the
essential elements of the crime charged, but only as to the acts of
sexual intercourse, that element of the crime to which the injured
female is *quasi particeps criminis.*

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

George Hollins was convicted of rape, and sentenced to
the penitentiary, and he appeals. Affirmed.

*Quinn, Guthrie & Cooper,* for appellant.

We submit that the peremptory instruction should have
been given to the defendant in the trial court, and that
when this question is settled this whole case is practically
settled and we base our contention on the grounds as fol-
lows, to-wit: 1. The indictment alleges and the material
parts thereof are as follows, to-wit: A. That the defend-
ant did unlawfully, knowingly and feloniously have carnal
knowledge of by having sexual intercourse with Katie
Lou Lee. B. That Katie Lou Lee was an unmarried fe-
male person. C. That said Katie Lou Lee was of previous
chaste character. D. That she was under the age of
eighteen years and over the age of twelve years. E. That
she was younger that George Hollins.

As to the first of these propositions we submit that she
testified as prosecutrix in the case that the defendant had
carnal knowledge of her as alleged, but that the first act
took place in May, 1919, and on this point she was not cor-
roborated by any other witness or witnesses because the de-
fendant himself testifies that the first act was in August on
the 2nd day thereof, and his testimony is supported by the
testimony of D. M. Quinn to the effect that Katie Lou Lee

in the Fall of 1919 in the trial of the case before R. J. Davis, Justice of the Peace, testified positively that the defendant had the first act of sexual intercourse with her on August 2, 1919. If the testimony which she gave in the hearing before the justice of the peace was true, as testified to by Mr. Quinn, then as a matter of fact it was impossible for her to have been of previous chaste character prior to the 2nd day of August because the record shows that she gave birth on January 30th, and it was therefore necessary that gestation should have taken place sometime during the month of May, and if her testimony which she gave before the justice of the peace was true, she is wholly uncorroborated on an essential element constituting the crime.

The statute Acts of 1914, chapter 171, makes it necessary, in order to constitute a crime, for the act to have been committed with an unmarried female person, and we consider that this element of the crime is just as necessary to be established by the state as any other material allegation in the indictment, and we have searched the record carefully and do not find a single syllable of testimony showing that Katie Lou Lee, the prosecutrix and girl named in the indictment, was unmarried at the time of the act complained of.

The next element necessary in the indictment is the question of previous chaste character. The prosecutrix herself testifies positively that the act with George Hollins was the first, but we submit that her testimony on this question is incredible because the defendant himself testified that the first act was the 2nd day of August, 1919, and according to Mr. Quinn's testimony, the prosecutrix herself, before the child was born, testified that it was about the 1st of August, and it occurs to us that the only reasonable construction to put on her testimony as to the time of the first act with George Hollins was that before the child was born she fixed at the 1st of August, and at the time of the trial of this case the child had been born, was fully developed and lived for seven or eight months and as shown by the testimony of the two doctors in the

record, it could not have lived and would not have lived had conception taken place at about the 1st of August, making it a six months child.

The next element necessary is that she must have been under the age of eighteen years and over the age of twelve years, both she and her mother testified that she was not eighteen years of age and over the age of twelve years, and since the testimony for and in behalf of the defendant as to her age is rather vague and indefinite, we shall make no special contention but that this element of the crime was proven to meet the requirement of law. The law next requires that the female be younger and the indictment alleges that Katie Lou Lee was younger than George Hollins, but we submit that the record fails to establish this fact.

There is one other ground why the peremptory instruction should have been granted. Section 2 of the Act aforesaid, is in these words: "But no person shall be convicted upon the uncorroborated testimony of the injured female. It does not appear from the other statutes on rape that this part of section 2 has ever been provided by a legislative enactment, and it occurs to us that in determining as to what elements of the indictment require more than the uncorroborated testimony of the injured female, it will become necessary to investigate the authorities as to some other criminal statutes making a similar provision." We would call the court's attention to the statutes on Seduction—section 1372 of the Code of 1906, section 1108 of Hemingway's Code, where the last clause in that statute is in the following words: "But the testimony of the female seduced alone shall not be sufficient to warrant the conviction."

We would also cite the court to the case of *Ferguson* v. *The State,* 71 Miss. 805, 15 So. 66, which case holds that the woman seduced must be corroborated as to the promise of marriage and the act of sexual intercourse. 3 Lawyers' Anno. Rep. 529; 29 Ohio St. 545; 33 Mich. 117; See, also,

8 Am. St. Rep. 870, note and *Baird* v. *Boehner,* 72 Iowa, 318.

The statute under consideration first appears in Laws 1888, p. 89, under the title, An act to prevent the seduction of females. Section 1298, Code 1892, is captioned: Seduction of females over the age of sixteen by fraud, and the last clause in it uses the expression, the female seduced. Section 1004 Code 1892, is captioned: Seduction of female child under sixteen. These two statutes are the necessary compliments of each other. One punishes the seduction of girls under sixteen by any means, the other seduction of females, over sixteen, by means of promises of marriage. But seduction is the substantive thing punished. *People* v. *Millspaugh,* 11 Mich. 278.

There is one other ground on which the peremptory instruction should have been granted, and that is that the act, chapter 171, of the Laws of 1914, is unconstitutional and tends to require the defendant to establish his innocence. When all criminal law proceeds on the theory that an accused is presumed to be innocent until proven to be guilty by the state, and it is always proper for the court to instruct the jury that one accused of crime is presumed to be innocent, throughout the trial and until the verdict is reached, unless the proof shows beyond all reasonable doubt that he is guilty as charged.

The statute in question and particularly section 2 thereof, is unconstitutional for two reasons: 1. The Constitution of the state of Mississippi. Section 71 requires every bill introduced into the legislature shall have a title and the title ought to indicate clearly the subject-matter or matters of the proposed legislation. We submit that the title to the act in question is not sufficient, notwithstanding the last clause of the section of the Constitution referred to, and notwithstanding the decision of this court in the case of *Mayor, etc., City of Jackson* v. *The State,* 59 So. 873, which case holds that the word "ought" is a shade stronger than "should," but a shade is not to be seized to nullify an act of the legislature. It is quite manifest that

the words were carefully selected and advisedly used, the one being mandatory and the other admonitory or advisory, etc.  It will be observed that the questions involved in the case cited related not to the enforcement of a penalty, but related to civil cases only and we submit that this case should not be binding upon the court in construing the statute under which the appellant was tried.  The statute in question is a penal statute and the only title given to this act is, an act to fix the age of consent at eighteen years.  The first section of the statute is fully covered by the title given to the act, but the title gives no indication whatsoever that the act contains an enactment such as is shown by section 2.  Section 2 provides: "In the trial of all cases under section 1 of this act, it shall be presumed that the, female was previously of chaste character and the burden shall be upon the defendant to show that she was not, but no person shall be convicted upon the uncorroborated testimony of the injured female."  *Sample* v. *Town of Verona,* 48 So. 2, 26 A. & E. Ency. of Law (2 Ed.), page 572.

We also refer to the case *Board of Levee Commissions* v. *The Royal Insurance Company,* 51 So. 2, wherein it was sought to have the court declare unconstitutional section 7, chapter 73, of the Acts of 1908, because it was in violation of section 71 of the Constitution.

It is clear from the foregoing opinion that Judge SMITH in 1910 held that it was mandatory that an act of the legislature should conform to section 71 of the Constitution, and we anticipate that the court will follow this decision in construing chapter 171 of the Laws of 1914, and especially with reference to section 2 of this act.

There is another reason why this section is unconstitutional and that is that it places upon the defendant the burden of showing his innocence by requiring him to show the previous chaste character of the female.  The rule is offered as announced in 6 R. C. L., section 461, under Constitutional law.

We also maintain that the statute in question is violative of that part of article 5 of the Constitution of the United States which provides that no person held to answer, etc., shall be deprived of life, liberty or property without due process of law, and in support of this contention we cite the case of *Hammond* v. *The State of Ohio,* 84 N. E. 416, 15 L. R. A. (N. S.) page 906; *State* v. *Beswick,* 13 R. I. 219, 43 Am. Rep. 26.

We, therefore, submit that the motion for peremptory instruction should have been granted for the reason that the act in question was unconstitutional—that it places upon the defendant the burden of proving his innocence as to a material element of the crimes as to a necessary allegation in the indictment and that the statute is unconstitutional for the reasons herein cited, and if unconstitutional, no conviction should have been predicated on this statute.

*II. Cassedy Holden,* special assistant attorney-general for the state.

1. There is sufficient proof that the prosecutrix was an unmarried female at the time of the first act of intercourse in May, 1919. She testified that defendant promised to marry her just before the act; also that previous to this act she had been a virgin. These things could not have been, had she been married at that time.

The mother of prosecutrix told of the boys who called on her daughter in 1918, and 1919, and of how defendant asked permission to call on her. Could these things have happened had the girl been married at the time? Again, see further, testimony of Maggie Lee at page 38 of the record. The defendant himself testified that other boys ran with her. See also defendant's testimony at page 62 of the record. The conduct of the prosecutrix preceding and following May, 1919, as shown in evidence, is not that of a married woman.

2. There was sufficient proof that prosecutrix was over twelve and under eighteen years old as the time of the first act of intercourse in May, 1919. She said she was fifteen and was corroborated by her mother.

3. There was sufficient proof that prosecutrix was younger than defendant. She said she was certain of this. Defendant did not know.

4. The prosecutrix was sufficiently corroborated. The child was born in January, 1920, which was nine months after May, 1919.

Where corroboration of the prosecuting witness in a rape case is necessary, it is not required that she be corroborated, as to the particular act constituting the offense. Of a necessity, such corroborating testimony is nigh impossible to obtain. Rarely is there a witness to the act of intercourse. It is sufficient if she is corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn. *State* v. *Hetland,* (Ia.), 119 N. W. 961, Note 17, Ann. Cas. 414.

5. Previous chaste character is presumed. Section 1094, Hemingway's Code (sec. 2, ch. 171, Laws of 1914) is merely a statutory enactment of the common-law rule. (22 R. C. L., page 1226.) Where the burden is on the defendant to show unchaste character, a reasonable doubt of chastity must be raised. *Tedford* v. *U. S.,* 7 Ind. Ty. 254, 104 S. W. 608; *Griffin* v. *State* (Tenn.), 70 S. W. 61; *Wilson* v. *State,* 73 Ala. 527; *Smith* v. *State* (Ala.), 24 So. 55; *State* v. *Helm* (Ia.), 48 N. W. 971; *State* v. *Brown* (Ia.), 53 N. W. 92. In the instant case, the state made a *prima-facie* showing of previous chastity by the testimony of the prosecutrix and her mother.

6. Chapter 171, Laws of 1914, is a valid law. The act has a title adequate under section 71, Constitution of Mississippi. The act is entitled: "An Act to fix the age of consent, at eighteen years. Section 71, Constitution of Mississippi is as follows: "Section 71. Every bill intro-

duced into the legislature shall have a title, and the title ought to indicate clearly the subject-matter or matters of the proposed legislation. Each committee to which a bill may be referred shall express, in writing, its judgment of the sufficiency of the title of the bill, and this, too, whether the recommendation be that the bill do pass or do not pass."

The sufficiency of the title of a statute is a matter for the legislature. *State* v. *Phillips,* 109 Miss. 22, 67 So. 651. That every bill shall have a title is mandatory; that the title ought to indicate clearly the subject-matter is admonitory. *Jackson* v. *State,* 102 Miss. 663, 59 So. 873; See, also, *Lang* v. *Board of Supervisors* (Miss.), 114 Miss. 341, 75 So. 126; and *Heidelberg* v. *Batson* (Miss.), 81 So. 225, 119 Miss. 510.

The presumption of innocence is not established by the Constitution of Mississippi nor by the U. S. Constitution. It is merely a rule of the common law. The presumption of chastity is also a rule of the common law. Far from being a statute in derogation of the common law, section 2, chapter 171, Laws of 1914, is a statutory embodiment of a common-law rule. No questions involving due process of law can be found in this case except by the interpolation of counsel for appellant.

7. The instructions granted are devoid of error, and the court acted properly in refusing five instructions requested by defendant. Instructions No. 2 and 3 for the state are in the exact language of the statutes governing the case. Record pages 10, 11, in connection with sections 1093, 1094, and 1095, Hemingway's Code. Moreover, see defendant's instructions given as to burden of proof.

Defendant was given ten instructions, and these fully covered every theory of the defense. The jury was fully advised as to the law as related to the facts of the case. The defendant suffered no loss or impairment of his rights because of instruction either given or refused. The instructions speak for themselves and argument as to each would be a needless consumption of the court's time.

ANDERSON, J., delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Sunflower county of the rape of Katie Lou Lee, and sentenced to the peniteentiary for one year, from which judgment he prosecutes this appeal.

The indictment and conviction was under chapter 171, Laws of 1914 (Hemingway's Code, sections 1093 to 1095, inclusive), known as "the age of consent" statute. The statute is in this language:

"An act to fix the 'age of consent' at eighteen years.

"Section 1. Be it enacted by the legislature of the state of Mississippi, that any male person who shall have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished either by a fine not exceeding five hundred dollars ($500), or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment or by imprisonment in the penitentiary not exceeding five years; and such punishment, within said limitation, shall be fixed by the jury trying each case.

"Sec. 2. In the trial of all cases under section 1 of this act, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not; but no person shall be convicted upon the uncorroborated testimony of the injured female.

"Sec. 3. This act shall not be construed as repealing or modifying section 1358 of the Code of 1906, as amended by chapter 171 of the acts of 1908, in regard to rape and carnal knowledge of the females under twelve years of age."

It is contended on behalf of appellant that this statute is violative of section 71 of the Constitution, and therefore unenforceable, because its title does not indicate the subject-matter of the act. It will be observed that the title of the act as it appears in chapter 171, Laws of 1914, is "An act to fix the 'age of consent' at eighteen years;" and it is true that the title does not indicate clearly the subject-

matter of its contents. Section 71 of the Constitution provides, among other things, that— "Every bill introduced into the legislature shall have a title, and the title *ought* to indicate clearly the subject-matter or matters of the proposed legislation." (Italics ours.)

This constitutional provision is mandatory only in so far that every act is required to have a title. The act in question has a title, be it ever so defective. In several recent decisions this court has held that the provision in this section of the Constitution that "the title *ought* to indicate clearly the subject-matter" of the act is directory, not mandatory. *Jackson* v. *State*, 102 Miss. 663, 59 So. 873, Ann. Cas. 1915A, 1213; *Lang* v. *Board of Supervisors*, 114 Miss. 341, 75 So. 126; *Heidelberg* v. *Batson*, 119 Miss. 510, 81 So. 225. But it is insisted that, because of the fact those were civil, and not criminal, cases, they are not controlling here; it is said that the statute here involved is a criminal statute, as to which the constitutional provision in question should be treated as mandatory. We are unable to see the distinction. The proper construction of the statute, or whether it shall be strictly or liberally construed, is not the question, but whether the Constitution applies to all statutes alike, whether civil or criminal. And we hold that it does.

It is contended further that section 2 of the statute is unconstitutional in so far as it places upon the defendant the burden of showing his innocence by requiring him to show that the injured female was not of previous chaste character. It is said that this provision of the statute strikes down one of the fundamentals in criminal prosecutions— the presumption of innocence that goes with the defendant throughout the trial; that the legislature is not competent under our system of government to declare by statute that a presumption of guilt shall follow a certain state of facts. 6 R. C. L., section 461, and other authorities are referred to to sustain that position. Those authorities treat of conclusive presumptions, not *prima-facie* presumptions of guilt. Conceding that the legislature could not constitu-

tionally provide that certain facts should be conclusive proof of guilt, still that principle has no application here, for this statute does not declare a conclusive presumption of guilt, but only a *prima-facie* presumption. It provides that the female shall be presumed to have been of previous chaste character, and the burden is on the defendant to show otherwise. And the defendant is not required to overturn the presumption by a preponderance of the evidence, but is entitled to acquittal when the evidence raises a reasonable doubt as to the chastity of the female.

Appellant contends that the trial court should have directed a verdict of acquittal because the testimony of the injured female as to certain of the essentials of the crime were uncorroborated. It will be observed that the essentials of the crime are: That the injured female must have been unmarried, of previous chaste character, over twelve and under eighteen years of age; the defendant must have been older than the injured female; he must have had carnal knowldge of her. In section 2 of the act it is provided that— "No person shall be convicted upon the uncorroborated testimony of the injured female."

In the case at bar there was no evidence whatever except that of the injured female to the effect that the defendant was older than she. It is argued that, as to this fact, constituting one of the essential elements of the crime, there could be no conviction on her uncorroborated testimony. The question is whether or not the provision in the statute that there shall be no conviction upon the uncorroborated testimony of the injured female applies to each and all of the essential elements of the crime. By analogy this question is settled in *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66, 42 Am. St. Rep. 492. The statute under which the defendant was convicted in that case was section 1298, Code of 1892, which, as amended in section 1372, Code of 1906 (section 1108, Hemingway's Code), defines and denounces the crime of seduction of females over the age of sixteen years and under the age of eighteen years, the last clause of which provides that there shall be no con-

viction on the testimony alone of the seduced female.    It was contended that, under this provision of the statute, it was necessary that the testimony of the injured female should be corroborated as to every essential element of the crime one of which was that she must have been of previous chaste character.    The court said that there was much diversity of opinion as to the extent of the corroboration required; that there were cases in which it had been held sufficient to corroborate the female seduced alone on the promise of marriage; and, on the other hand, that there were cases holding that the corroborating evidence must support all of the necessary elements in the constitution of the crime.    The court concluded that the cases lying between these two classes announced the true rule, viz.:

"The testimony of the female seduced must be corroborated by other evidence as to the promise of marriage and the act of sexual intercourse.    .    .    .    And when she is supported as to the promise of marriage and the act of sexual intercourse—the two great fundamental essentials—the corroboration, we think, will be sufficient."

The reasoning in that applies with equal force here.

In *State* v. *Bradford,* 89 So. 767, which involved this identical statute, the court, in speaking of the purpose of the legislature in requiring the testimony of the injured female to be corroborated, said that it was the plain purpose of the statute by this provision "to protect also the innocent male    .    .    .    against the wiles and designs of the unscrupulous female, who by blackmail or otherwise would destroy him."

The secret part of the crime—that element which, in the nature of things, in a great majority of cases, no one else than the guilty parties would know anything about—is the element as to which she must be corroborated; it is the act, as said in the *Ferguson case, supra,* in the commission of which the injured female is *quasi particeps criminis.* Those elements of the crime which are susceptible ordinarily of proof by other witnesses than the guilty parties require no corroboration; and this principle applies to all

the elements of the crime of which appellant was convicted under this statute except that of carnal knowledge; as. to that, and that alone, the evidence of the injured female must be corroborated; that is the only element of the crime that is ordinarily known only to the guilty parties.

The court finds no merit in the other assignments of error which it does not deem necessary to notice specifically.

*Affirmed.*