GOLDING *v*. STATE.*

(Division B.   Oct. 11, 1926.)

[109 So. 731.   No. 25897.]

1. CRIMINAL LAW.

   Phrase in instruction, "If you believe from the evidence beyond a reasonable doubt," *held* to modify all following phrases, and not merely the first, so that instruction did not assume facts.

2. RAPE.

   Prosecutrix in statutory rape *held* sufficiently corroborated by testimony of others as to defendant's keeping company with her, his statement relative to pregnancy, and birth of child.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 949, n. 95. Rape, 33Cyc, p. 1498, n. 89.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Jack Golding was convicted of rape, and appeals. Affirmed.

*Geo. T.* and *Chas. S. Mitchell,* for appellant.

I.   The first question involved is whether or not the court erred in granting the misleading, ambiguous and abstract instruction on the part of the state.   The giving

of this instruction constitutes reversible error, for it cannot be denied, when same is read, that it assumes as a fact that certain matters were proved by the state in the trial of the case.

There are several facts that must be proved by the state beyond a reasonable doubt in these cases of statutory rape: (a) The female must be unmarried; (b) the female must have been of previous chaste character; (c) the female must have been over the age of twelve years and under the age of eighteen years and younger than the male; and (d) the female must have been unmarried at the time of the act of intercourse.

This instruction positively ignores the vital issue of previous chaste character, and, in effect, tells the jury that the complaining female was, at the time of the alleged act of intercourse, a female of previous chaste character. At no place in the instruction is the jury told that they must believe that the complaining female was of previous chaste character at the time of the act of intercourse and that they must believe this fact beyond a reasonable doubt before they can lawfully convict the defendant.

These, we submit, are questions that should have been left to the jury to pass upon as they are questions of fact, some being prominent questions about which there was a sharp conflict in the testimony. This court has held from time immemorial that whenever there is a conflict in the evidence relative to a material issue, that question is for the jury. *King* v. *State,* 23 So. 766; *McCrory* v. *State,* 25 So. 671; *Saffold* v. *State,* 26 So. 945; *DeSilva* v. *State,* 47 So. 464; *Cunningham* v. *State,* 39 So. 531. See, also, *Walton* v. *State,* 39 So. 689; *Ellerbe* v. *State,* 30 So. 57; *Robinson* v. *State,* 16 So. 201; *Fore* v. *State,* 23 So. 710. See especially 16 C. J., Criminal Law, section 2328, p. 949, section 2490, p. 1047, section 2477, p. 1036.

There was not any instruction given either for the state or for the defendant that cures the error involved here.

II.   The court erred in refusing the peremptory instruction requested by appellant.   The testimony of the prosecutrix had not been corroborated, as required by the statute relative to the act of sexual intercourse. Her testimony upon its face is most unreasonable.   This court has construed this statute and has positively announced that the testimony of the prosecutrix as to the act of sexual intercourse must be corroborated or else a conviction cannot stand.   *Hollins* v. *State,* 90 So. 630; *State* v. *Bradford,* 89 So. 767.

The court below refused the peremptory instruction on the ground that the testimony of the prosecutrix as to the act of sexual intercourse was corroborated by the testimony of Thelbert Cowley and Henry Hall.   We submit that their testimony in no sense corroborated the testimony of the prosecutrix as to the act of sexual intercourse.

Prosecutrix testified that the defendant promised to marry her and if this be true, defendant might well have been worried and have made the statement attributed to him and might very properly have considered himself in a ''hell of a shape'' when he discovered the situation.

Upon the whole record the testimony is absolutely insufficient to uphold the verdict of guilty.

*Rufus Creekmore,* Special Agent, for the state.

I.   *The instruction.*   Only one instruction was requested by the state and counsel assigns the giving of this instruction as error and argues that it is erroneous in that it assumes certain facts to be true; that the proof of the existence of these facts was necessary in order for the state to make out its case; and that the jury should

have been permitted to pass on these facts unhampered by instructions which assumed their existence.

Counsel argue that the instruction assumes: (1) That the prosecutrix was an unmarried female; (2) that she was of previous chaste character; (3) that she was younger than defendant; and (4) that she was over the age of twelve and under the age of eighteen years.

Counsel most ably and skillfully present to the court their argument in this respect and while it is ingenious in the extreme, yet it is a bit too refined for practical working purposes. It is only skillful grammarians who would analyze and dissect this instruction and then say the words complained of by counsel are descriptive of the person of Miss Lucy Duncan rather than descriptive of the offense. The jury clearly understood that which the court and the instruction attacked intended to convey to them.

The indictment itself was sufficient and charged the commission of the offense in apt terms, and we have here written into the instruction a direct reference to this indictment; a qualification of the instruction to the effect that the jury must believe not only that the act of intercourse took place, but that it took place "at the time and place and in the manner and form" as there charged. Not one of these cases cited is applicable to the peculiar state of affairs that arises in the case at bar.

II. *Corroboration.* There is ample corroboration of the fact that the defendant was guilty of this act. That the prosecutrix had sexual intercourse with someone cannot be denied because she was delivered of a child in February, 1925. The only question then is whether or not there is sufficient testimony corroborative of the testimony of the prosecutrix that the defendant is the guilty man. As to whether or not the corroboration is sufficient is a matter solely for the jury to determine. 22 R. C. L. 1224-1226.

From the very nature of the act it becomes exceedingly difficult to procure direct or positive testimony because it is an act which would naturally be secreted and hidden by both the prosecutrix and the defendant. In cases of this kind the fact of corroboration must necessarily depend largely on circumstantial evidence, on the conduct and statements made by the parties after the commission of the act and all other circumstances which might have a bearing on the guilt or innocence of the party.

Here we have the statements made by the defendant to the witnesses Henry Hall and Thelbert Cowley in which he stated that the prosecutrix was in a family way and that he was in a hell of a fix. Such statements as these are certainly indications of the guilt of the defendant and although they do not rise to the dignity of confessions and although they would not be admissible in evidence either as admissions or as confessions, yet as corroboration of the testimony of the prosecutrix and of the fact that he is the guilty man, they are admissible and are to be considered by the jury. *McArthur* v. *State,* 105 Miss. 398. In the case at bar the corroboration is of much stronger character than it was in that case.

The cause should be affirmed.

*Geo. T.* and *Chas. S. Mitchell,* in reply, for appellant.

In support of our contention that the alleged statements do not corroborate prosecutrix as to the act of sexual intercourse, *Long* v. *State,* 56 So. 185, settles this issue in favor of appellant. This court held there that a statement on the part of defendant much more definite than the two statements in this case was not sufficient corroboration of prosecutrix.

ANDERSON, J., delivered the opinion of the court.

The appellant was indicted in the circuit court of Lee county under chapter 171, Laws of 1914 (Hemingway's

Code, sections 1093-1095, inclusive), for the rape of Lucy Duncan, a female over twelve, and under eighteen years of age. From that judgment he appeals.

Appellant assigns as error the giving of the following instruction for the state:

"The court instructs the jury that, if you believe from the evidence beyond a reasonable doubt that the defendant, Jack Golding, had carnal knowledge of Miss Lucy Duncan, an unmarried female person, of previous chaste character, younger than himself, and over twelve, and under eighteen years of age, at the time and place and in the manner and form as charged in the indictment, then you should find the defendant guilty as charged, and that, if you find the defendant guilty as charged in the indictment, his punishment shall be either by a fine of not exceeding five hundred dollars or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment, or by imprisonment in the penitentiary not exceeding five years, and such punishment, within said limitation, shall be fixed by the jury."

Appellant's criticism of this instruction is that it was on the weight of the evidence; that it assumed, as a fact, that the injured female was unmarried, was of previous chaste character, was over the age of twelve, and under eighteen years of age, and younger than appellant. Appellant reaches the conclusion that the phrase in said instruction, viz. "if you believe from the evidence beyond a reasonable doubt," qualifies alone the phrase following, "that the defendant, Jack Golding, had carnal knowledge of Miss Lucy Duncan," and has no application to the other essential elements of the crime in the following part of the instruction. In other words, the appellant argues that, under the language of the instruction, properly construed, the jury were not required, in order to convict, to believe beyond a reasonable doubt from the evidence that the injured female was unmarried, of previous chaste character, over twelve and under eighteen

years of age, and younger than appellant. We do not think such criticism of the instruction well founded. We think that the instruction, construed according to the rules of grammer, as well as according to common understanding, means that the jury could not convict, unless the evidence showed, beyond a reasonable doubt; each of the necessary elements of the crime.

Appellant contends further that he is entitled to a reversal because the evidence of the injured female was uncorroborated. It was shown by the evidence of others than the injured female that shortly before the alleged crime appellant was "keeping company" with her, and that he stated, shortly after her pregnancy, that he was in a "hell of a fix" on account of her condition. In addition to that, within due time after the commission of the crime the injured female bore a child. We think this was sufficient corroboration. Refusal by the trial court, therefore, of appellant's requested peremptory instruction was not error.

We find no material error in the trial.

*Affirmed.*