GROGAN *v.* STATE.*

(Division B. Nov. 5, 1928.)

[118 So. 627. No. 27538.]

*Corpus Juris-Cyc. References: Rape, 33Cyc, p. 1498, n. 90.

*C. E. Morgan,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

ANDERSON, J. The appellant was indicted and convicted in the circuit court of Leake county, under chapter 171, Laws of 1914 (Hemingway's 1927 Code, section 1148), of the rape of Eva Wooten, and was sentenced to serve a term of two years in the state penitentiary. From that judgment, appellant prosecutes this appeal.

The statute under which appellant was indicted is in this language:

"Any male person who shall have carnal knowledge of any unmarried female person of previously chaste char-

acter younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished either by a fine not exceeding five hundred dollars ($500), or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment or by imprisonment in the penitentiary not exceeding five years; and such punishment, within said limitation, shall be fixed by the jury trying each case.''

The prosecutrix, Eva Wooten, testified that on a certain night in August, 1925, she and appellant, with several others, were going from Reformation Church to the house of a neighbor; that they turned off of the highway and traveled a trail; that she and appellant fell behind the others, secreted themselves, and had sexual intercourse, and then went forward and overtook the others and went to the home of the neighbor. She testified that she was under eighteen years of age at the time of the alleged crime, and that appellant was older than she.

The only evidence offered as corroborative of the prosecutrix was that of Mrs. Lois Lowry, which is as follows:

''Q. Now I want to direct your attention to a time at Reformation Church in August, 1925, when Allen and Miss Eva came from the church over to her Aunt's house? A. Yes, sir, I saw him there that night after preaching services. He went over there with Eva. He started off from the church with her. We were all along together until we turned off to go through a trail, and they got a little bit behind and before I got up to Grandmother's house where we were all going I stopped to wait for them and in a short time they caught up with me and we went on to the house and sat up all night. Allen Grogan sat up there too and the next morning they all left and went home.''

In the case of *Hollins* v. *State,* 128 Miss. 119, 90 So. 630, the court said, among other things:

''The secret part of the crime—that element which, in the nature of things, in a great majority of cases, no one

else than the guilty parties would know anything about—— is the element as to which she must be corroborated; it is the act, as said in the *Ferguson case, supra,* in the commission of which the injured female is *quasi particeps criminis.* Those elements of the crime which are susceptible ordinarily of proof by other witnesses than the guilty parties require no corroboration; and this principle applies to all the elements of the crime of' which appellant was convicted under this statute except that of carnal knowledge; as to that, and that alone, the evidence of the injured female must be corroborated; that is the only element of the crime that is ordinarily known only to the guilty parties.''

Mrs. Lowry's testimony was not inconsistent with right doing on the part of the appellant and the prosecutrix in dropping behind the other members of the party and shortly afterwards catching up with them. There was nothing in her testimony indicating in the remotest degree that appellant and the prosecutrix had had sexual intercourse while out of the presence of the others. It is on that act that the injured female must be corroborated.

*Reversed and remanded.*