GILLIS v. STATE.*

(Division A.   Feb. 11, 1929.)

[120 So. 455.   No. 27803.]

*Corpus Juris-Cyc. References: Rape, 33Cyc, p. 1498, n. 89.

*S. D. Neill,* for appellant.

*B. B. Allen* and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

Argued orally by *S. D. Neill,* for appellant, and *J. A. Lauderdale,* for the state.

McGOWEN, J.  Upon an indictment therefor, Gillis, the appellant, was tried upon the charge of statutory rape of one Sallie Wablington.  From a conviction and sentence of thirty days imprisonment in the county jail and a fine of three hundred dollars, he prosecutes this appeal.

It is unnecessary to detail the facts of the case, save to say that the prosecutrix testified that the crime occurred on the night of August 6, 1927, when she and the defendant were taking an automobile ride. She was a schoolgirl not quite fifteen years of age, and he was a young man of some twenty-one or twenty-two years. A baby was born to her on the 16th day of May, 1928, and this case was tried on the 1st day of October, 1928.

The statutes controlling this prosecution are sections 1148 and 1149, Hemingway's 1927 Code (Laws 1914, chapter 171, sections 1 and 2).

The appellant requested a peremptory instruction, which was refused by the court, and this action is assigned as error on appeal to this court, such assignment being based upon that part of section 1149 which provides that no person shall be convicted upon the uncorroborated testimony of the injured female.

The act of sexual intercourse was by mutual consent, the prosecutrix yielding to the persuasion of the appellant; and this record does not disclose any corroboration of the injured female as to the act of sexual intercourse between her and the appellant.

The attorney-general urges upon the court that the prosecutrix, Miss Wablington, is corroborated in the following particulars: First, when in travail, she told her father that the appellant was the father of her child; second, that she is further corroborated by her father's testimony, in that he swore that the appellant was the only boy she was ever out with alone; and, third, her testimony was corroborated by profert of the child. We do not think any one of these statements corroborates the injured female on the main element of the crime.

First. As to the declaration when she was in travail, we seriously doubt if this record discloses any such declaration; but, conceding that it does, and assuming that such evidence is competent in a statutory rape case, still

it would not be corroborative of the injured female as to the gist of the offense, but would only be a self-serving declaration, unsworn to, made in the time of her great distress—and certainly it does not add anything to the same sworn statement made solemnly in open court. We do not express an opinion as to the competency of this evidence.

Second. The father of the prosecutrix testified that these parties went off alone; but that fact is not corroborative of her statement that on that trip sexual intercourse was participated in by them. No such presumption can be indulged.

Third. As to the profert of the baby, four and one-half months old, in open court, if it be conceded that this was proper evidence—which we do not decide—certainly a baby of that tender age could not and would not have developed such characteristics as to make such testimony dependable and reliable and sufficient upon which to base the judgment of a court, where the liberty of a citizen is involved. If such evidence should be permitted on the trial of any case of this character, we must apply common sense and human experience to it, and say that it is wholly insufficient upon which to base a conviction for crime. The child was too immature and too young; and while it may be true that, physiologically, peculiarities of feature and form and personal traits are transmitted from parent to child, yet it is equally true that the features of an immature, undeveloped child, less than five months old, have not so developed that any reliance can be placed upon a fanciful and fancied resemblance of it to a particular person. Most generally such a resemblance is fancied. fictional, notional, or imaginary; and this would be true even in cases where the paternity of the child is the issue, which is not the case here. The child was positive proof that the unfortunate girl had yielded her person to some man. But it does not follow that, be-

cause a child is born to a woman, the particular man charged is the author of her ruin.

The attorney-general cites the case of *Golding* v. *State,* 144 Miss. 298, 109 So. 731, in which this court examined the evidence, and held that there was sufficient corroboration. It is a sufficient answer that, in the Golding case, the appellant, Golding, made a statement virtually admitting his guilt. No such admission is in this record. The rule to be applied to this character of cases was announced by Judge ANDERSON, as the organ of the court, in *Hollins* v. *State,* 128 Miss. 119, 90 So. 630, where he said: ''The secret part of the crime—that element which, in the nature of things, in a great majority of cases, no one else than the guilty parties would know anything about—is the element as to which she must be corroborated; it is the act, as said in the *Ferguson case, supra* [71 Miss. 805, 15 So. 66, 42 Am. St. Rep. 492], in the commission of which the injured female is *quasi particeps criminis.* Those elements of the crime which are susceptible ordinarily of proof by other witnesses than the guilty parties require no corroboration; and this principle applies to all the elements of the crime of which appellant was convicted under this statute except that of carnal knowledge; as to that, and that alone, the evidence of the injured female must be corroborated; that is the only element of the crime that is ordinarily known only to the guilty parties.'' See, also, *State* v. *Bradford,* 126 Miss. 868, 89 So. 767, and by analogy, *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66, 42 Am. St. Rep. 492.

The appellant was entitled to a peremptory instruction.

*Reversed, and appellant discharged.*