BARDWELL v. STATE.

(Division A.   Dec. 16, 1929.)

[125 So. 85.   No. 27754.]

L. H. McGehee and J. S. McGuire, both of McComb, for appellant.

**Forrest B. Jackson**, Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was indicted and convicted of an attempt to rape as defined by chapter 171, Laws 1908 (Hem. 1927

Code, section 1147). His contention is that his request for a directed verdict in his favor should have been granted for two reasons: First, the prosecutrix was not corroborated as to the attempted act of sexual intercourse; second, the evidence discloses that the crime, if committed, was complete, and therefore he could not be convicted of an attempt to commit it.

The appellant, the prosecutrix, and two other young people were returning from an entertainment, at night, in an automobile driven by the appellant, which was stopped near the residence of the prosecutrix, where the two young people other than the appellant and prosecutrix got out. Another automobile in which there were several people, among whom was Robert Bardwell, a cousin of the appellant, came up, and Robert Bardwell left the car in which he was riding and got into the car with the appellant and the prosecutrix, and the appellant immediately drove the car off.

According to the testimony of the prosecutrix, she attempted to get out of the car, but, over her protest, was forced to remain in it by the Bardwells, and in this she was corroborated by one other witness. According to her testimony, the car was then driven by the appellant some distance away into the woods, where she was taken out of the car by the Bardwells, and there the appellant had, or attempted to have, sexual intercourse with her. Afterwards she got back into the car with the Bardwells, and was driven within a short distance of her home, where she got out. She was asked by the Bardwells to say nothing about what had occurred. On her way back home, after leaving the car, she was seen by a policeman, who testified that she was crying. Upon reaching home she told her parents what had occurred, and they, with others there at the time, testified that she was very much agitated, was crying, and her dress was torn. A physician was summoned, and after making an examination of the

prosecutrix, stated that her private parts were bruised, but that her hymen was not ruptured, which fact, he said, did not necessarily mean that full penetration had not taken place. Portions of the testimony of the prosecutrix seem to indicate that the crime was complete; but, when asked specifically if penetration was effected by the appellant, she answered in the negative.

The appellant testified that the prosecutrix went with Robert Bardwell and himself away from the vicinity of her home voluntarily, and for the purpose of going to a nearby cafeteria for sandwiches; that they went to the cafeteria, but found it closed, and in returning to the prosecutrix's home the automobile developed a flat tire, which he stopped to have remedied at a filling station—most of which was corroborated by other witnesses. He specifically denied any improper conduct on his or Robert's part toward the prosecutrix.

The testimony of the prosecutrix that she was forcibly carried away by the Bardwells was corroborated by at least one other witness; the evidence given by the physician indicates that an assault had probably been made on her person of the character she claimed; and her condition upon her arrival home also indicated that something unusual had probably occurred—all of which was sufficient corroboration of the testimony of the prosecutrix to warrant the verdict.

Assuming for the purpose of the argument that the evidence would have warranted a conviction for the full offense, as to which we express no opinion, nevertheless it was for the jury to say whether or not the penetration was insufficient to constitute the full offense.

Affirmed.