SMITH v. STATE.

(Division B.   April 1, 1940.)

[194 So. 922.   No. 33975.]

**J. B. Hillman** and **Jas. L. Mars,** both of Philadelphia, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellant was convicted of the statutory crime of rape under section 1123 of the Code of 1930, and sentenced to serve a term in the penitentiary; from which sentence he appealed to this Court.

The prosecuting witness, Miss Mary Frances Kilpatrick, was about fifteen years of age, and the appellant about nineteen at the time this crime was alleged to have been committed. The prosecutrix testified that on the night of October 16, 1938, she attended a B. Y. P. U.

meeting at Bethsaida Church, going with her brother in their father's truck; the brother with some other boys did not remain for the meeting, but left for a place several miles distant in the school bus in which the appellant had driven to the church. Miss Kilpatrick and the appellant sat together in church, where they remained throughout the services. When the congregation left the church the appellant and the prosecutrix got in the truck in which the latter had come to church with her brother, and the appellant drove to a point some distance from the church and stopped; whereupon he engaged in the act of sexual intercourse with her. They returned to the church yard, and parked the motor truck in a different place. Her brother returning with his companions in a short time, she accompanied him home. Although the appellant had not visited her in her home, she had met and associated with him at parties. She attended the County Line School, but lived in Neshoba county, to the north of County Line.

The prosecutrix testified that several weeks after this occurrence on the night of the meeting at the church she informed the appellant of her condition, that she had failed to menstruate; that he told her he would kill her if she revealed it; that she told no one, and her family believed she was to have an operation for appendicitis when they took her to the hospital at Philadelphia, where, on July 21, 1939, a child was born to her. She testified that her chastity had not previously been violated.

The testimony of the prosecutrix as to the removal of the truck from its original position at the church was corroborated. She was further corroborated by Jim Bounds and his sister, Lena Bounds, the last persons on the church premises, who saw Miss Kilpatrick and the appellant seated in the truck. They had also been seen together in the church.

Dr. Laird testified that early in January, 1939, the appellant came to him, saying that "a Kilpatrick girl was

in trouble," and he wanted to know whether the doctor could give her something to bring about menstruation. The doctor informed him that he could do nothing in the matter. The appellant further identified the girl by saying that she "lived up there north of County Line, and was going to school at the County Line School." The physician's testimony was objected to on the ground that it was incompetent under Section 1536, Code of 1930, known as the Physician and Patent Statute.

The appellant did not testify, but he introduced certain witnesses, who testified to acts of indiscretion on the part of the young woman, one or more testifying that on two occasions they had witnessed improper intercourse on her part with two named men.

The state in rebuttal introduced witnesses to prove that no such indiscretions had occurred; and the two young men named stoutly denied ever having had improper relations with the prosecutrix.

1. It is insisted that the testimony of the physician in this case was incompetent under the Physician and Patient Statute, Section 1536 of the Code of 1930, in which contention there is obviously no merit, since the doctor specifically declined to have anything to do with the matter, because of the unlawful purpose sought to be accomplished. Moreover, this record does not disclose that the physician ever saw, or had any communication with, the prosecutrix, Mary Frances Kilpatrick. So it is quite clear that the relation of physician and patient never existed between Dr. Laird and either the appellant or Miss Kilpatrick. The language of the statute confines its operation to the physician and his patient— a relation that does not exist here.

2. It is insisted that the evidence we have detailed does not constitute sufficient corroboration of the testimony given by the prosecutrix, and that the appellant was therefore entitled to a peremptory instruction.

In a prosecution brought under Section 1123 of the Code of 1930, by Section 1124 the female is presumed to

have been of previous chaste character. Under the evidence in the record the only issue of fact was on the question of chastity. The appellant did not testify, and did not deny any of the evidence offered on behalf of the prosecutrix.

The fact that they were together at night, alone and seated in the truck, which had been moved from its original parking place, the evidence given by the physician, and the birth of the child—all these are sufficient corroboration in this character of case. See Golding v. State, 144 Miss. 298, 109 So. 731.

The evidence in this case as to the commission of the act, and as to the subsequent occurrences, stands uncontradicted.

We find no reversible error in this case.

Affirmed.