### Yancey v. State.

(Division B.   October 13, 1947.)

[32 So. (2d) 151.   No. 36440.]

McClure & Fant, of Sardis, for appellant.

**Greek L. Rice**, Attorney General, by **R. O**. **Arrington**, Assistant Attorney General, for appellee.

Argued orally by **James McClure**, for appellant, and by **R. O. Arrington**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

. Appellant was convicted of a violation of our so-called age of consent statute, Code 1942, Section 2358. In view of the course upon which we have decided, it will be necessary to notice only the assignment of error relating to the alleged failure of the State to furnish evidence by way of corroboration, as required by the statute.

The corroborative proof was sought in the testimony of the witnesses, Merrill and the physician, Dr. Kirk. As to the latter the physical evidences adduced from personal examination of the prosecutrix was found to be equally consistent with innocence, especially in view of his testimony that her condition could innocently have been caused. He was unable to attribute it to an act of the defendant. This falls below the test applied in Bardwell v. State, 155 Miss. 711, 125 So. 85.

The witness, Merrill, testified that about the time and at the place where the alleged assault was committed, he saw a car, identified by other witnesses as being similar to the car of defendant. He saw therein only a man whom he could not identify, seated behind the steering wheel.

Under the statute covered by the indictment, corroboration must be, not merely of incidental details, but of the commission of the prohibited act. Even though circumstances and admissions may be sufficient to this end (as in Jones v. State, 155 Miss. 335, 124 So. 368; Smith v. State, 188 Miss. 339, 194 So. 922; Ferguson v. State, 71 Miss. 805, 15 So. 66, 42 Am. St. Rep. 492; Golding v. State, 144 Miss. 298, 109 So. 731) it remains true that corroboration must be of the secret part or gist of the crime. Hollins v. State, 128 Miss. 119, 90 So. 630; Gillis v. State, 152 Miss. 551, 120 So. 455. Mere opportunity creating a possibility is not enough of itself. Gillis v. State, supra; Grogan v. State, 151 Miss. 652, 118 So. 627.

We do not pass upon the admissibility of the testimony of prosecutrix that on two prior occasions defendant had been guilty of related indecencies toward her, since such

testimony of itself would not satisfy the requirement of corroboration. Compare Gillis v. State, supra.

We are enjoined by the applicable statute to require that the crime be proved as it directs, and are not free to adjudge guilt, or permit it to be adjudged, save in accordance therewith.

Reversed and appellant discharged.