PATTERSON, Chief Justice,
for the Court:
In the Circuit Court of Holmes County, John L. Howard was convicted of statutory rape under the provisions of Miss.Code Ann. § 97-3-67 (Supp.1980), and sentenced to five years in the penitentiary.
The evidence presented consisted of testimony of Patricia Ann Garrette, prosecutrix, that some time in October, 1980, Howard, her uncle, came to her family’s house when she was alone, pushed her onto a bed, removed her clothes, and had sexual intercourse with her. Prosecutrix testified that when her family returned home she did not reveal what had transpired out of fear. A month later, prosecutrix told Howard her belief that she was pregnant whereupon, according to her, Howard said, “You better not tell anybody, you know, because that will make you look stupid, your uncle doing that to you”, and “Well, if you think you are pregnant, you should go out and get you a boy or something, you know.”
Further testimony consisted of statements by prosecutrix and her mother that Howard told his mother, prosecutrix’ grandmother, of the pregnancy at a time when she had told no one other than Howard. Prosecutrix’ mother testified that her son told her he overheard Howard tell prosecu-trix to go out with other boys. Lastly, prosecutrix testified a child was born to her on June 13, 1981.
In order to affirm the conviction for statutory rape, Miss.Code Ann. § 97-3-69 (1972), requires that the testimony of the prosecutrix must be corroborated by other evidence.
The degree of corroboration is set forth in Yancy v. State, 202 Miss. 662, 668, 32 So.2d 151, 152 (1947), as follows, “corroboration must be, not merely of incidental details, but of the commission of the prohibited act.”
Gillis v. State, 152 Miss. 551, 120 So. 455 (1929), involved a conviction of statutory rape upon facts similar to this case. In Gillis, the prosecutrix, when in travail, told her father that appellant was the father of her child, her father testified that appellant was the only boy she had ever been alone with, and a child was born to the prosecu-trix. In holding that the evidence failed to corroborate the prosecutrix on the main element of the crime, the court in Gillis quoted Hollins v. State, 128 Miss. 119, 90 So. 630 (1922), “The secret part of the crime— that element which, in the nature of things, in a great majority of cases, no one else than the guilty parties would know anything about — is the element as to which she must be corroborated.... ” 152 Miss, at 554, 120 So. at 456.
As in Gillis, the birth of the child undoubtedly corroborates sexual intercourse by the prosecutrix with someone. It fails, however, to establish that the defendant was the person with whom she engaged in sexual intercourse. Moreover the other corroborating testimony, if such it was, by the prosecutrix and her mother, was self-serving, admittedly hearsay, and was denied by the appellant. The prosecutrix’ testimony being without corroboration was insufficient, in our opinion, to support the verdict.
REVERSED AND APPELLANT DISCHARGED.
SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.